**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD J. VOLIS, | No.   16-56573 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-08747-DDP-PLA |
| v. | |
| HOUSING AUTHORITY OF THE CITY OF LOS ANGELES; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted February 8, 2019
Pasadena, California

Before:  WARDLAW and BEA, Circuit Judges, and MURPHY,[**] District Judge.

Richard Volis appeals the district court's grant of summary judgment in

favor of the Housing Authority of the City of Los Angeles (HACLA) on his

disability discrimination and retaliation claims.  We have jurisdiction under 28

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Stephen Joseph Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

U.S.C. § 1291.  We affirm.

1.     The district court correctly concluded that Volis failed to raise a triable issue of material fact as to whether HACLA denied him a fourth extension of his Section 8 voucher because of his disability.  *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) (per curiam).  Although "[a] failure to provide reasonable accommodation can constitute discrimination," *Vinson v. Thomas*, 288 F.3d 1145, 1154 (9th Cir. 2002), Volis has not demonstrated that HACLA failed to provide him a reasonable accommodation.  It is undisputed that HACLA granted Volis's requests for three voucher extensions, providing him 270 days to find new housing—the maximum possible voucher term for persons with disabilities under HACLA's administrative plan.  On July 19, 2014, Volis's Section 8 voucher expired because he failed to find appropriate housing.  There is no record evidence that Volis requested a fourth extension, or that HACLA denied this alleged request. *See Simmons v. Navajo Cty.*, 609 F.3d 1011, 1021–22 (9th Cir. 2010) (a plaintiff must adduce some evidence that the denial was because of his or her disability). Nor did Volis provide evidence that he submitted any rental applications during his voucher period.  HACLA's enforcement of its administrative plan's voucher limit was appropriate in light of Volis's failure to apply for housing.

2.     Because Volis's retaliation claim is predicated on the same alleged acts as his disability discrimination claim, the district court correctly concluded

2

that Volis failed to raise a triable issue of material fact as to whether HACLA denied him a fourth voucher extension in retaliation for his ongoing litigation against HACLA. *See T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 472–73 (9th Cir. 2015) (citations omitted).

**AFFIRMED**.